IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 3, 2014

**GARY LILLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 1104740    Lee V. Coffee, Judge**

———————————————

**No. W2013-02779-CCA-R3-PC  - Filed September 16, 2014**

———————————————

The Petitioner, Gary Lilley, pleaded guilty to first degree premeditated murder, and the trial court imposed a life sentence.  The Petitioner filed a petition seeking post-conviction relief almost two years after pleading guilty, which the post-conviction court summarily dismissed. After a thorough review of the record, the briefs, and relevant authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Gary Lilley, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; Amy P. Weirich, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Background**

In 2011, the Petitioner pleaded guilty to one count of premeditated first degree murder with an agreed upon life sentence to be served at 100 percent.  In 2012, the Petitioner filed, pro se, a petition for post-conviction relief, claiming that he had received the ineffective assistance of counsel on a number of grounds.  The post-conviction court appointed an attorney to the Petitioner, following which the Petitioner sent a letter to the attorney stating that he no longer wished to proceed with the post-conviction proceedings.  Citing the Petitioner's letter, which was filed in the post-conviction court, the court entered an order on

November 19, 2012, dismissing the petition with prejudice. In April 2013, the Petitioner filed a motion in the post-conviction court requesting that the November 19, 2012 order be withdrawn, stating that the Petitioner "had no intention" of not proceeding with the petition.

The post-conviction court summarily dismissed the petition as untimely stating that "The statute of limitations bars the [P]etitioner's petition [for] post-conviction relief pursuant to T.C.A. § 40-3-102 in that more than one year has passed since the date of the final court action on the [P]etitioner's case[.]" The post-conviction court, noting that the Petitioner's post-conviction attorney had requested and received in writing confirmation of the Petitioner's wishes not to proceed with post-conviction matters, made the following statement in its order:

> The [P]etitioner has not shown that he fits within an exception to the statute of limitations. In this case, the Petitioner does not assert any averments that the statute of limitations should not bar this post-conviction petition.
>
> . . . .
>
> The [P]etitioner does not offer any due process grounds that would allow the court to waive or disregard the statute of limitations that serves as a bar to this claim.
>
> A review of the transcript of the guilty plea hearing reflects that the trial court thoroughly reviewed with the [P]etitioner his rights, the offense to which he was pleading guilty, and the sentence he was receiving. The [P]etitioner repeatedly assured the trial court that he understood his pleas.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

The Petitioner asserts that the post-conviction court's summary dismissal of his petition is in "direct contravention" with our Supreme Court's April 18, 2011, order in *Kennedy v. State* holding that, in the case of a post-conviction petition that fails to "state a colorable claim," "trial courts should rarely, if ever, summarily dismiss the first pro se petition for post-conviction relief until the petitioner is either afforded an opportunity to amend the petition or is appointed counsel to assist in amending the petition." The Petitioner further argues that due process required tolling of the statute of limitations. The State responds that the post-conviction court properly determined that the Petitioner's petition was filed outside the one-year statute of limitations and that the Petitioned has failed to establish a basis for tolling the statute of limitations. We agree with the State.

2

A person in custody under a sentence of a court of this state must petition for post conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final.  T.C.A. § 40-30-102(a) (2012).  The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity."  *Id*.  It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise."  *Id*.  In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition.  T.C.A. § 40-30-106(b) (2012).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief.  The Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with

procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of December 2, 2011, the date that his judgment became final. *See* T.C.A. § 40-30-102(a) (2012); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). The Petitioner filed his petition within the proscribed one-year statutory period, however, that petition was dismissed with prejudice at his request. In April 2013, the Petitioner filed a motion requesting that the post-conviction court withdraw its dismissal of his original petition. This filing occurred more than one year after the Petitioner's judgment of conviction became final, and thus, was barred by the statute of limitations. The Petitioner does not allege, nor do we find applicable, any of the statutory exceptions to the one-year statute of limitations.

After reviewing the record and the Petitioner's claims, we conclude that the Petitioner has been "provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner," *Burford*, 845 S.W.2d at 208. We conclude that the authority in *Kennedy*, requiring that post-conviction courts allow the amendment of a petition that fails to state a claim with the assistance of counsel as opposed to dismissing the petition, is inapplicable here. In this case, the Petitioner was afforded counsel and the opportunity to file his post-conviction petition within the statutory period. He failed to do so, and has failed to provide support for his argument that due process requires tolling of the statute of limitations. Accordingly, we conclude that the post-conviction court properly dismissed the Petitioner's petition.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4